## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

**James Grey**

                                        Case No. 20-cv-474-PB

    v.                                  Opinion No. 2020 DNH 176

**United States of America**

### ORDER

In Rehaif v. United States, 139 S. Ct. 2191, 2194 (2019), the Supreme Court held that, "To convict a defendant [under 18 U.S.C. § 922(g)], the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status [as a convicted felon] when he possessed it."

Before Rehaif was decided, James Grey pleaded guilty to a § 922(g) charge. His indictment, however, did not allege that he knew he was a convicted felon when he possessed the firearm serving as the basis for the charge. Grey has filed a motion pursuant to 28 U.S.C. § 2255 arguing that his conviction must be set aside because: (1) the indictment failed to allege that Grey knew that he was a convicted felon when he possessed the firearm; and (2) neither the court nor Grey's attorney advised him of this requirement.

Grey first argues that the court lacked jurisdiction to accept his plea on the § 922(g) charge because the indictment

did not allege that Grey knew he was a convicted felon when he
allegedly committed the § 922(g) violation.  This argument fails
because the First Circuit has determined that such
jurisdictional challenges are waived when a defendant pleads
guilty to the charge.  <u>United States v. Lara</u>, 970 F.3d 68, 86
(1st Cir. 2020); <u>United States v. Burghardt</u>, 939 F.3d 397, 402
(1st Cir. 2019).

Grey next contends that his plea must be vacated because
neither the court nor his counsel advised him of the yet to be
established <u>Rehaif</u> knowledge-of-status requirement when he
pleaded guilty.  Because Grey presents this argument for the
first time in his § 2255 motion, he will not be entitled to
relief unless he is able to satisfy the familiar "cause and
prejudice" test that applies to procedurally defaulted claims
raised in a § 2255 motion.  <u>See</u> <u>Bucci v. United States</u>, 662 F.3d
18, 27 (1st Cir. 2011).

Assuming for purposes of analysis that Grey can satisfy the
first component of the cause and prejudice test, I nevertheless
deny his motion because he cannot establish that the alleged
<u>Rehaif</u> error prejudiced him.  Significantly, Grey does not argue
that he would not have pleaded guilty had he known of <u>Rehaif's</u>
knowledge-of-status requirement.  Nor does he assert that he was
unaware of his status as a convicted felon when he possessed the
weapon that gave rise to the charge.  He does not even argue

that the prosecution would be unable to prove the knowledge-of-
status requirement if his plea was overturned.  Accordingly, he
does not press a claim that he suffered any actual prejudice as
a result of the alleged Rehaif error.  Instead, he argues that
he satisfies the prejudice requirement by asserting that the
Rehaif violation is a structural error that does not require a
showing of actual prejudice.  I am unpersuaded by this argument.

In Burghardt, the First Circuit rejected a Rehaif challenge
on direct review because the defendant was unable to prove the
prejudice component of the plain error test.  939 F.3d at 402-
06.  If, as Grey claims here, his claimed Rehaif error is indeed
structural, the First Circuit's ruling in Burghardt was error.
Accordingly, I agree with Judge Saris, who recently ruled in
United States v. Windley, No. 14-cr-10197-PBS 2020 WL 4583843,
at *3 (D. Mass. Aug. 10, 2020) that a Rehaif claim does not
assert a structural error that can sustain a defaulted § 2255
claim without proof of actual prejudice.

Grey cites a Fourth Circuit decision that treats a Rehaif
error as structural on direct review when considering the
prejudice prong of the plain error test.  See United States v.
Gary, 954 F.3d 194, 205-06 (4th Cir. 2020).  Grey, however, has
failed to square the Fourth Circuit's decision with Burghardt,
which is binding precedent on this court.  Nor has he engaged
with the better reasoned decisions from the Fifth, Sixth,

3

Seventh, Eighth, and Tenth Circuits which rejected Grey's contention that an unpreserved <u>Rehaif</u> error is one of the limited class of errors that entitle a defendant to relief without proof of prejudice.  <u>See</u> <u>United States v. Lavalais</u>, 960 F.3d 180, 184 (5th Cir. 2020); <u>United States v. Watson</u>, 820 Fed. Appx. 397 (6th Cir. 2020); <u>United States v. Maez</u>, 960 F.3d 949, 958 (7th Cir. 2020); <u>United States v. Coleman</u>, 961 F.3d 1024, 1029-30 (8th Cir. 2020); <u>United States v. Trujillo</u>, 960 F.3d 1196, 1206 (10th Cir. 2020).  Accordingly, I reject Grey's structural error argument.

Grey's § 2255 motion is denied.  (Doc. No. 5).  Because Grey has failed to make a substantial showing of the denial of a constitutional right, I also decline to issue a certificate of appealability.

**SO ORDERED.**

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

October 5, 2020

cc:  Charles J. Keefe, Esq.
     Seth R. Aframe, Esq.

4